UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RONNECE MARTIN PHILPOT,**
as next friend of the minor child,
R.P.
and
R.P., individually
400 Taylor Street, Apt A 33
Washington, DC 20017

Civil Action No. _____

V.

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**A Municipal Corporation**

Defendant.

Serve: Brian Schwab
Attorney General
400 6th Street NW
Washington, D.C. 20006

Serve: Muriel Bowser
Mayor
1350 Pennsylvania Avenue NW
Washington, D.C. 20004

**COMPLAINT**

**JURISDICTIO**

1. Jurisdiction of this Court is founded in the Individuals with Disabilities in Education Act, 28 U.S.C. 133 I and 20 U.S.C. 1400, <u>et seq</u>. (herein IDEA) and the Individuals with Disabilities in Education Improvement Act of 2004 (herein IDEIA).

PARTIES

2.  R.P. is a minor child with disabilities and has resided in the District of Columbia during all applicable time periods. Ronnece Martin Philpot is R.P.'s mother and she has resided in the District of Columbia during all applicable time periods.

3.  Defendant District of Columbia is a municipal corporation that receives federal financial assistance and is required to comply with the IDEA. The District of Columbia Government has responsibility for overseeing all public agencies that receive federal funding. As such, District of Columbia Government is responsible for ensuring that District of Columbia Public Schools (herein "DCPS") fully complies with applicable laws and regulations, including those set forth in IDEA, D.C. Code, and the D.C. Municipal Regulations.

FACTS

4.  R.P., herein the Student, is an 11 year old child who was found eligible for special education services in January 2015.

5.  The Student attended West E/C/ Elementary School from 1st grade (2017-2018 SY) until the end of 5th grade the 2021-2022 school year.

6.  During the current school year of 2022-2023 the Student briefly attended Capitol Hill Montessori; but was forced against the wishes of his Mother, to attend McKinley Elementary School starting in October of 2022.

7. The Student is currently in the sixth grade attending McKinley E.S.

8. Between the 4th and 5th grade the Plaintiff became increasingly concerned with the lack of education progress and the lack of services being provided R.P. In particular she was concerned that DCPS had failed to provide an adequate level and appropriate setting for both specialized instruction and related services in that only 8.5 hours of specialized instruction, 2 hours per month of speech therapy and one hour of behavioral management services were being provided to her son.

9. As a result, the Plaintiff filed a Due Process Complaint (herein DPC) on March 5, 2021, requesting, *inter alia,* DCPS fund an independent comprehensive psychological and speech evaluations. Peter B. Vaden, Esq. was the assigned Hearing Officer.

10. Prior to the Due Process Hearing (herein DPH) dates of May 24, 2021 and June 14, 2021, DCPS authorized the requested independent evaluations.

11. In his June 21, 2021, opinion H.O. Vaden awarded the Petitioner, Ms. Philpot, compensatory education for the denial of FAPE that occurred during the previously cited IEP's of January 2, 2019, November 15, 2019, and November 6, 2020.

12. Mr. Vaden also ordered DCPS by July 23, 2021, to review the Independent Psychologist's IEE psychological reevaluation and to give careful consideration to his recommendation for a full time special education placement.

13. Following the H.O. Vaden's opinion, DCPS convened the first of the two IEP's which are the subject of this Appeal. The first being the June 24, 2021, IEP and the Second being the May 23, 2022, IEP.

14. The June 24, 2021, IEP was held just 3 days after H.O. Vaden's opinion was released and following the recommendation of the Parent's Expert, DCPS did finally provide a full time, out of general education, placement for the Student.

15. Little changed with the May 23, 2022, IEP. It essentially continued the same hours, services and goals established in the June 24, 2021.

16. By August 2022, it was apparent that even though DCPS was providing a full time, out of general education placement, R.P was not making any academic progress and may have even regressed from gains indicated in his second grade I-Ready testing.

17. As a result, based on these concerns, the Parent filed a second DPC on August 29, 2022, requesting *inter alia,* compensatory education and a non-public school placement. Mr. Michael Lazan, Esq. was the assigned Hearing Officer.

18. At the Due Process Hearing the Defendant did not call the Student's primary special education teachers, past or present. Only an administrator, who made conflicting and unsubstantiated claims, that the Student had made progress.

19. In fact, as part of their Disclosures the Defendant only offered I-Ready testing for grade 1-3, it was left to the Plaintiff to supply the I-Ready testing results for grades 3-6.

20. What the I-Ready testing that was produced by both parties at the Due Process Hearing showed was that the Student made some marginal gains in the 2nd grade; but by 4th grade the student was back to a kindergarten to 1st grade level in reading, in all academic areas. Sadly this is where he remains today, as a 6th grade student at McKinley E.S.

21. At the Due Process Hearing the Plaintiff presented evidence, *inter alia,* that given the Student's present level of performances in reading, math & written expression, goals in both the June 24, 2021, and May 23, 2022, IEP's were inappropriate and amounted to a denial of FAPE under IDEA.

22. On December 13, 2022, Hearing Officer Lazan issued a Hearing Officer Determination (herein HOD).

23. Per the HOD, Mr. Lazan found, that the June 24, 2021, IEP was appropriate because the Parent did not disagree with her own expert's recommendation that R.P. required a full time special education placement.

24. Mr. Lazan further noted that the Parent was represented by counsel at the June 24, 2021, IEP meeting, where the Parent's Expert recommended a full time special education placement, and that at the 2022 Due Process Hearing the Parent didn't call any witnesses who disagreed with her Expert's past Recommendation.

25. At the time of the June 21, 2021, HOD the Student was only receiving 8.5 hours of specialized instruction. At the June 24, 2021, IEP meeting, pursuant to the Parent's Expert's evaluation results and opinion, DCPS recommended a full time special education program of 20 hours of specialized instruction along with appropriate related services. Thus, there was absolutely no reason for the Parent to object to this huge increase in services being offered to her son.

26. In fact, it was her belief that this increase in services would help to reverse the academic decline her son had been experiencing since 2nd grade. Sadly, this was not the

case.

27. Per the HOD, in his analysis of the May 23, 2022, IEP, Mr. Lazan found evidence, reported by the Defendant in IEP progress notes, that the Student was reading on a pre-primer – primer reading level, quite inconsistent to their oral testimony, not backed by any disclosed evidence, that the Student was on a 3rd grade level.

28. Per the HOD, Mr. Lazan also noted that the Defendant only offered I-Ready testing results for grades 1-3, without any explanation as to why more recent testing had not been provided or why no teacher from the Student's present school was called as a witness.

29. Finally, Per the HOD, Mr. Lazan determined that the May 23, 2022, IEP was not appropriate and therefore the Student had been denied a FAPE.

30. Per the HOD, Mr. Lazan also found that there was no evidence that the non-public school placement could offer any better program than the public school program that had produced, by DCPS' own admission "(R.P.) can read pre-primer, primer sight words and participate in discussions about books they have read."  (IEP progress notes for the period of 01/27/2022-04/18/20022 of the June 24, 2021, IEP).

## COUNT I

31. Plaintiff repeats and re-alleges paragraphs 1-30 above.

32. Hearing Officer Lazan erred in finding the DCPS' June 24, 2021, IEP was appropriate.

6

## COUNT II

33. Plaintiff repeats and re-alleges paragraphs 1-30 above.

34. Hearing Officer Lazan erred in his failure to grant Plaintiff's request for a nonpublic special education placement.

## RELIEF

35. Plaintiff respectfully requests that this honorable Court:

    A. Issue judgment for the Plaintiff on all counts set forth above;

    B. Find that Hearing Officer Lazan erred as set forth above;

    C. Order defendants to immediately fund a private non-public school placement of the Plaintiff's choice.

    D. Award attorney's fees and costs to Plaintiff, and

    G. Grant such other relief that is just and fair.

Respectfully submitted,

*/s/ Paul S. Dalton, Esq.*
Attorney At Law
2001 L. St. NW Suite 500
Washington, DC 20036
D.C. Bar No. 439118
Telephone: 202-497-2116
dcspedlaw@aol.com