UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONNECE MARTIN PHILPOT, *et al.*,

    Plaintiffs,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

Case No. 23-cv-671-AHA-MJS

## MEMORANDUM ORDER

In this Individuals with Disabilities Education Act ("IDEA") case, Plaintiff Ronnece Martin Philpot contends that the District of Columbia violated its statutory obligations to her minor child, "RP," including by failing to develop a substantively sufficient individualized education plan ("IEP") for RP in June 2021. Philpot and the District filed cross motions for summary judgment, and the Court is contemporaneously issuing a Report and Recommendation on the dueling motions. Far more recently—and long after the completion of summary judgment briefing—Philpot filed a "Motion for Additional Evidence." (ECF No. 14). Therein, Philpot asks the Court to accept and consider as new evidence a "MAP Growth Study" that counsel "only recently received" from D.C. Public Schools, which Philpot describes as showing RP's "lack of progress" since August 2022, even with a full-time special education placement. (ECF No. 14 at 8.)

District Judge Amir H. Ali then modified the referral of this matter to the undersigned to include full-case management in keeping with LCvR 72.2 (Apr. 10, 2025 Min. Order), which empowers the undersigned to resolve the new motion. Because Philpot fails to establish a proper legal basis for introducing this additional evidence, the Court will **DENY** the motion.

The IDEA provides that a district court "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C). "Despite the fact that the IDEA uses the word 'shall,' courts in this jurisdiction have discretion to accept or reject additional evidence." *Lopez-Young v. Dist. of Columbia*, 211 F. Supp. 3d 42, 53 (D.D.C. 2016). Possible reasons to allow supplementation can include "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* (collecting cases). "Crucial to the Court's analysis is whether the additional evidence is relevant to the challenged decisions of the hearing officer." *Id.* (citing *Miller v. Bd. Of Educ.*, 565 F.3d 1232, 1241 (10th Cir. 2009)).

Here, Philpot's motion hinges on a theory that this new, post-hearing evidence is relevant to issues decided at the hearing. But that is wrong for the same reasons underpinning the Court's Report and Recommendation on the merits of June 2021 IEP claim: Philpot is seeking to introduce more hindsight evidence that does not properly inform the substantive adequacy of the June 2021 IEP at the time it was created. *Edward M.R. v. Dist. of Columbia*, 128 F.4th 290, 295 (D.C. Cir. 2025) (reinforcing that an IEP's "substantive adequacy" must be based on information "as of the time each IEP was created rather than with the benefit of hindsight"); *Z.B. v. Dist. of Columbia*, 888 F.3d 515, 528 (D.C. Cir. 2018) (same). The information in RP's "Winter 2025 Family Report" was plainly not available to the IEP Team that developed the challenged June 2021 IEP. Neither was that information available to the Hearing Officer when he shaped a remedy for the May 2022 IEP violation, which renders it irrelevant to Philpot's other claim. Because the evidence is not relevant to the Hearing Officer's challenged decisions, there is no valid reason for the Court to accept and consider it. Alternatively, even if the Court accepted the new evidence, it would not change the underlying recommendation on Philpot's substantive claims for these same reasons:

Under governing IDEA precedent, evidence that did not even exist until years after the creation of a challenged IEP does not and cannot bear on the substantive adequacy of that IEP.

For these reasons, the Court **DENIES** Philpot's motion.

**SO ORDERED**.

Dated: May 6, 2025

                                            MATTHEW J. SHARBAUGH
                                            United States Magistrate Judge